UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | NOS.   CR-09-2110-WFN-4<br>CR-09-2110-WFN-6 |
| -vs- | ) ) | ORDER |
| TAMMY LEE WEBSTER (4),<br>BRUCE LEROY FLOYD (6), | ) ) ) | |
| Defendants. | ) | |

A motion hearing was held April 26, 2010 to address Defendants' Motions to Dismiss (Ct. Recs. 205 and 233). Defendant (4) Tammy Lee Webster was present and represented by Alfred Schweppe; Defendant (6) Bruce Leroy Floyd was present and represented by Bryan Whitaker. Assistant United States Attorney Jane Kirk represented the Government. The Defendants challenged the Indictment alleging violations of their due process rights based on the successive indictments. At the initial hearing on the Motions on March 22, 2010, the Court requested additional briefing.

To establish a violation of the due process clause, "Defendant must show actual prejudice from the delay, and the court must balance the length of the delay with the reasons for the delay." *United States v. Ross*, 123 F.3d 1181, 1184 -1185 (9th Cir. 1997). "After making the balancing determination, a pre-indictment delay will be permissible unless it violates fundamental conceptions of justice which lie at the base of our civil and political institutions. Furthermore, in this area, the due process clause plays a limited role because primary protection is afforded to defendants by the applicable statute of limitations." *Id.* The

ORDER - 1

effect of the delay must be "definite, not speculative." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir.1992).

Unfair sentencing can arise to the level of actual prejudice, but only where the prejudice cannot be cured using other means. Prejudice arising from sentencing issues that could be remedied with a departure are too speculative. *United States v. Martinez*, 77 F.3d 332, 335 - 37 (9th Cir. 1996). However, in *Martinez* there was no mandatory minimum that the district court had to impose, so a departure would have been an available option. The Ninth Circuit has been very clear that even where injustice occurs, "the district court does not have the discretion to consider mitigating factors and cannot apply the downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress. See U.S. Sentencing Guidelines § 5G1.1 (the sentence imposed on a count of conviction may not be lower than the statutory minimum for that count)" *United States v. Harris,* 154 F.3d 1082, 1084 (9th Cir. 1998).

Upon review of the briefing, the Court concluded that the salient issue is whether, if convicted, the Court can resolve any prejudice at the time of sentencing. Both Defendants are facing a mandatory minimum of 120 months. Had the charges in this Indictment and the previous indictment been filed at the same time, the Court would have had the discretion to impose concurrent sentences. In fact, Defendants would have benefitted from a presumption of concurrent sentences. *See* 18 U.S.C. § 3584(a). Consecutive indictments for the same behavior, albeit different charges, usurps the Court's ability to impose concurrent sentences. Mandatory consecutive sentences creates an actual prejudice.

The Government argues that the Court could depart from the mandatory minimum remedying prejudice. In Ms. Webster's case, the Court agrees. Based on Ms. Webster's previous presentence investigation report, Ms. Webster was eligible for the safety valve. Since Ms. Webster has not accrued additional criminal history since her release, she will

1 still be eligible for the safety valve which will allow the Court to depart downward to take
2 into account her previous sentence. However, the Court lacks that ability for Mr. Floyd.
3 Mr. Floyd's criminal history makes him ineligible for the safety valve. Thus, the Court
4 would be required to impose the mandatory minimum regardless of the fact that he has
5 already served several years for a crime committed in the course of the currently charged
6 conspiracy.

The Government argues that despite this prejudice, the reason for the delay was based on the Government's lack of knowledge of the conspiracy so it could not have been charged concurrently with his previous charge. However, the record belies this argument. According to the records provided by the Government, at the time of his initial arrest Mr. Floyd did share that he became involved with importation of marijuana through a now named co-conspirator. Further, the Government acknowledged that Mr. Floyd was in cahoots with others by accepting the minor participant reduction in Mr. Floyd's initial sentencing. This reduction shows that the Government was aware that Mr. Floyd was working with co-conspirators. Based on this information, the Court found that Mr. Floyd faced actual prejudice. The prejudice cannot be remedied and the reason for the delayed second indictment does not outweigh the prejudice caused by the lengthy delay.

The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant (4) Webster's Motion for to Dismiss, filed March 8, 2010 , **Ct. Rec. 233**, is **DENIED**.

2. As to Defendant (4) Webster, the May 11, 2010, pretrial conference and motion hearing at 1:30 p.m., is **CONFIRMED.**

3. Defendant (6) Floyd's Motion to Dismiss, filed February 16, 2010, **Ct. Rec. 205**, is **GRANTED**.

ORDER - 3

1  4. The Indictment is **DISMISSED WITH PREJUDICE as to Defendant (6) BRUCE LEROY FLOYD**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 29th day of April, 2010.

s/ Wm. Fremming Nielsen<br>WM. FREMMING NIELSEN<br>SENIOR UNITED STATES DISTRICT JUDGE

04-27

ORDER - 4